This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37661**

**REINA DEL REAL,**

Petitioner-Appellant,

v.

**ALDO MERAZ,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Gerard J. Lavelle, District Judge**

New Mexico Legal Aid, Inc.
Kate M. Merwald
Santa Fe, NM

for Appellant

Cristina Chavez, Attorney at Law, LLC
Cristina Chavez
Albuquerque, NM

for Appellee

**DECISION**

**IVES, Judge.**

**{1}**     The district court denied the request of Petitioner Reina Del Real (Mother) to order Respondent Aldo Meraz (Father) to pay child support retroactively for two of Mother and Father's children pursuant to NMSA 1978, Section 40-11A-636(G) (2009). The court reasoned that the children's birth certificates, which listed Father as the children's father, were equivalent to acknowledgements of paternity and that the New Mexico Uniform Parentage Act (NMUPA), NMSA 1978, §§ 40-11A-101 to -903 (2009) does not permit an award of retroactive support when a child's parentage is established

by an acknowledgment of paternity. Mother appeals, arguing that this ruling was based on a legal error, an issue we review de novo. *See Kokoricha v. Estate of Keiner*, 2010-NMCA-053, ¶ 11, 148 N.M. 322, 236 P.3d 41.

**{2}** After the district court entered its order, this Court addressed the dispositive issue in Mother's appeal, holding "that the NMUPA authorizes district courts to order retroactive support when an acknowledgement of paternity has established the parent-child relationship." *Human Servs. Dep't v. Toney*, 2019-NMCA-035, ¶ 21, 444 P.3d 1074, *cert. denied*, 2019-NMCERT-___ (No. S-1-SC-37701, June 25, 2019). In *Toney*, we explained that "[i]nstead of categorically forbidding or categorically requiring retroactive support, the NMUPA calls for a case-by-case approach to retroactive support issues, including consideration of any equitable defenses." *Id.* ¶ 32. Because the district court concluded that retroactive support was categorically unavailable, we reverse and remand so that the district court can make a determination regarding retroactive support under *Toney* based on the facts of this case. In doing so, we express no opinion as to whether a child's birth certificate is equivalent to an acknowledgment of paternity or the evidentiary weight to be given to a birth certificate identifying parentage.

**{3}** We reverse and remand for further proceedings consistent with this decision.

**{4}** **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**J. MILES HANISEE, Chief Judge**

**KRISTINA BOGARDUS, Judge**